### FLOYD et al. v. WISE.

(*City Court of New York, General Term.* December 17, 1891.)

STATUTE OF FRAUDS—ORIGINAL UNDERTAKING—EVIDENCE.

On the question whether defendant's verbal promise to pay the debt of another was a collateral or original undertaking, there was evidence that defendant had said he would "see the bill paid;" but there was also evidence that defendant had personally paid to plaintiffs a part of the bill on account, and received a receipt in his own name. *Held*, that the court erred in dismissing the complaint.

Appeal from trial term.

Action by James R. Floyd and others against Nathan Wise. The complaint was dismissed, and plaintiffs appeal.

Argued before VAN WYCK, FITZSIMONS, and McCARTHY, JJ.

*Edward M. Bliven*, for appellants. *Samuel W. Weiss*, for respondent.

FITZSIMONS, J. This is an action for services rendered and materials furnished, all of the value of $145.41. Twenty dollars was paid on account thereof. The answer is a general denial. The complaint was dismissed at close of plaintiffs' case by the trial justice, on motion of defendant's attorney,

upon the ground that the testimony established the fact that defendant promised to pay the debt of another, and such promise, not being in writing, was void under the statute of frauds. If the testimony proved that the defendant was liable collaterally, and not as an original debtor, upon the cause of action in the complaint, then the trial justice was right in dismissing; but such is not the case here. I have carefully read all of plaintiff's testimony, and am of the opinion that it proves that the defendant is primarily liable for the debt, and to the plaintiffs. It is true that a few times plaintiffs' witnesses said that defendant promised to "see the bill paid;" but the weight of the testimony shows plaintiffs intended to give credit to the defendant solely, and to hold him primarily liable for the debt. This theory is supported by the fact that the defendant personally paid to plaintiffs, on account of the work to be done, the sum of $20, and received a receipt therefor, drawn to his own name. In view of this state of facts, I think that the trial justice should have required the defendant to submit his version of the transaction to the jury, under proper instructions, and let them decide whether the promise made by him was an original or collateral one. Judgment must be reversed, and new trial ordered, with costs to appellant, to abide event of action. All concur.